FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FOX'S SPOKANE DENTURE CLINIC, INC., a Washington corporation; MARICONDIA DENTAL, PROFESSIONAL CORPORATION d/b/a A.Q. DENTURE AND DENTAL IMPLANT CENTER, a Nevada professional corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NOVEL TECHNOLOGIES, INC., d/b/a IVORY DIGITAL DENTURES, a Canadian corporation, <br><br> Defendant. | No. 2:21-CV-00080-SAB <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiffs' Motion for Default Judgment Against Defendant Novel Technologies, Inc. D/B/A Ivory Digital Dentures, ECF No. 14. The motion was considered without oral argument. Plaintiffs are represented by Caleb Hatch and Robert Carlson. Defendant has not appeared in this case.

//

//

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** # 1

Having reviewed the briefing and the case law, the Court grants Plaintiffs' motion.

**Background**

The following facts are taken from Plaintiffs' Complaint, ECF No. 1.

Plaintiffs Fox's Spokane Denture Clinic, Inc. ("Fox's Spokane") and Maricondia Dental, Professional Corporation d/b/a A.Q. Denture and Implant Center ("A.Q. Denture") are denture clinics—Fox's Spokane is located in Spokane, Washington, whereas A.Q. Denture is located in Henderson, Nevada. Defendant Novel Technologies, Inc. d/b/a Ivory Digital Dentures is a corporation based out of Ontario, Canada.

In October 2018, Plaintiffs and Defendant attended a denture professional trade show in Las Vegas, Nevada. At this trade show, Defendant, through its employee representatives and/or owners, Sholomo Sharer and Benjamin Sharer, marketed a 3D denture system to Plaintiffs. Specifically, Plaintiffs allege that Defendant told them, both orally and in its written marketing materials, that the 3D denture system contained a 3D printer, resin, and a face mapping tool; that the system could produce full, complete, workable, and superior denture sets in three hours or less; and that the entire denture process, from initial visit to denture fitting, would take under half a day to complete. Plaintiffs also allege that Defendant represented that the dentures created with this system were completely safe, as hard as Lucitone 199 resin, and would be made of materials that were FDA approved.

Based on these representations, Plaintiffs entered into separate contracts with Defendant to purchase the 3D denture system for $66,000. However, Plaintiffs allege that the systems have not worked as advertised—in fact, Plaintiffs state that the systems have been unable to manufacture even a *single* complete set of properly fitted dentures. Plaintiffs also allege that Defendant's system has not worked along any other advertised dimension, including the strength of the resin,

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT # 2**

the FDA approval, the safety of the resulting dentures, the efficacy of the included tools, and the time/cost/effort required to use the system.

Plaintiffs filed their Complaint on February 4, 2021. ECF No. 1. Plaintiffs alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, violation of the Washington Consumer Protection Act, violation of the Nevada Deceptive Trade Practices Act, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty for a particular purpose.

Plaintiffs issued a Summons to Defendant on February 4, 2021. ECF No. 4. But, despite the Summons being returned as executed on February 25, 2021, ECF No. 5, Defendant did not enter a Notice of Appearance. Plaintiffs' process server also submitted a Declaration on April 22, 2021, specifically attesting that he delivered copies of the Summons and Complaint to Benjamin Sharer, the Operations Manager for Defendant. ECF No. 6.

On April 23, 2021, Plaintiffs filed a Motion for Entry of Default Against Defendant pursuant to Fed. R. Civ. P. 55 and LCivR 55(a)(1). ECF No. 7. The Clerk's Office entered an Order of Default on April 28, 2021. ECF No. 9. Plaintiffs filed the present motion on March 2, 2022. ECF No. 14. To date, Defendant has still not appeared in this case.

## Legal Standard

Fed. R. Civ. P. 55(a) allows a party to move for default judgment if the opposing party "has failed to plead or otherwise defend" the action. Rule 55 outlines two methods through which a party can request a default judgment. If (1) a plaintiff's claim is for a certain sum or a sum that can be made certain by computation; (2) the defendant has not appeared; and (3) the defendant is not a minor or an incompetent person, the plaintiff can request default judgment from the clerk's office. However, in all other cases, the plaintiff must instead request

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT # 3**

default judgment from the court.

Under Local Civil Rule 55, the Court utilizes a two-step process for default judgment: first, the party must file a motion for entry of default and obtain an Order of Default from the Clerk's Office. Then, the party must file a motion for default judgment. Here, Plaintiffs have already obtained an Order of Default. ECF No. 9.

But, even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the Court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). The Court, in exercising its discretion to grant or deny entry of a default judgment, should consider the following factors: (1) the substantive merits of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of a dispute concerning material facts; (6) whether default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### Discussion

Plaintiffs request that the Court enter default judgment against Defendant. Plaintiffs argue that default judgment is warranted because Defendant has failed to appear and defend in the action, despite being validly served with a summons and more than a year elapsing between the filing of the Complaint and the current motion. As part of the default judgment, Plaintiffs request that the Court award Fox's Spokane $86,900.40 and A.Q. Denture $79,794.20 in damages. Plaintiffs also request that the Court award reasonable costs and attorney's fees in the amounts of $11,751.82 to Fox's Spokane and $10,450,84 to A.Q. Denture.

The Court finds good cause to grant the motion. Despite the Federal Rules' strong policy in favor of decisions on the merits, the factors present in this case support the issuance of a default judgment against Defendant. First, Plaintiffs have

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT # 4**

alleged specific and detailed facts in their Complaint that support the merits of their claims. Second, Plaintiffs allege that they have incurred significant monetary damages as a result of Defendant's actions. Third, though the Court recognizes the possibility that there may be disputed material facts supporting Defendant's non-liability, Defendant has failed to appear and present those facts to the Court, despite being given ample opportunity. Lastly, Defendant has not provided any basis for the Court to conclude that its non-appearance is due to excusable neglect. Thus, especially given the fact that Defendant is a corporation and neither a minor nor an incompetent person, the Court concludes that default judgment against Defendant is warranted.

      The Court also finds that Plaintiffs have proved their damages with sufficient certainty. Plaintiffs have submitted copies of their Equipment Finance Agreements with Defendant, showing their monthly payments for the 3D denture system, and receipts of their service/administrative fees associated with the equipment. These damages amount to $86,900.40 for Fox's Spokane and $79,794.20 for A.Q. Denture. Additionally, Plaintiffs and their counsel attest that they have incurred reasonable costs and attorney's fees amounting to $11,751.82 to Fox's Spokane and $10,450,84 to A.Q. Denture. The Court finds good cause to award the requested damages and attorney's fees/costs.

      Accordingly, **IT IS HEREBY ORDERED**:

      1.    The Clerk's Office is directed to enter a default judgment against Defendant in the above-captioned matter.

      2.    The Court awards Plaintiff Fox's Spokane $86,900.40 in damages.

      3.    The Court awards Plaintiff A.Q. Denture $79,794.20 in damages.

      4.    The Court awards counsel for Plaintiff Fox's Spokane fees and costs in the amount of $11,751.82.

//

//

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT # 5**

5. The Court awards counsel for Plaintiff A.Q. Denture fees and costs in the amount of $10,450,84.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **close** the file.

**DATED** this 22nd day of April 2022.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** # 6